**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL P HOLLINS,                          No C-09-2028 VRW (PR)

       Plaintiff,

     v                                    ORDER OF DISMISSAL WITH LEAVE
                                             TO AMEND
STARR A WILSON, Court Reporter,

       Defendant.
_____/

        Petitioner, a federal prisoner incarcerated at the United States Penitentiary, Hazelton in West Virginia, has filed a pro se civil rights complaint under 42 USC section 1983 against Starr A Wilson, a court reporter for the federal district court, Northern District of California.  Doc #1.  Petitioner seems to be complaining about events that took place on November 27, 2007 when he appeared before the Honorable Saundra Brown Armstrong, Judge of the Northern District of California, for a supervised release revocation and disposition hearing in case No CR-92-00126-SBA.  According to the court docket for that case, Starr A Wilson was the court reporter transcribing the proceedings.  See case No CR-92-00126-SBA, Doc

#174.  Plaintiff seeks damages.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 USC § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  Balistreri v Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990).

As noted above, plaintiff filed the instant action as a civil rights complaint under 42 USC section 1983.  But because he names a federal employee as the sole defendant, the court construes the action as a claim under Bivens v Six Unknown Named Agents, 403 US 388 (1971), and its progeny.  To state a claim under Bivens, plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a federal actor.  See West v Atkins, 487 US 42, 48 (1988) (noting elements of 42 USC section 1983 actions); Van Strum v Lawn, 940 F2d 406, 409 (9th Cir 1991) (finding 42 USC section 1983 and Bivens actions identical save for replacement of state actor under section 1983 by federal actor under Bivens).

Plaintiff articulates his claim in its entirety as

2

follows:

> On November 27, 2007, Starr A Wilson, Court Reporter for the United States District Court for the Northern District of California did knowingly, willfully and intentionally alter, change or modify court records by fabricating and or omitting testimony pertaining to a criminal case which constitutes a violation of the oath taken as a registered court reporter.

Doc #1 at 3.

Plaintiff's allegation that the court reporter's actions constituted a violation of her oath fails to state a claim upon which relief may be granted, because it does not implicate a right secured by the Constitution or laws of the United States.  See Van Strum, 940 F2d at 409.  District courts, however, must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints.  Lopez v Smith, 203 F3d 1122, 1126-27 (9th Cir 2000) (en banc).  Plaintiff will be afforded an opportunity to amend and allege, if possible, how the court reporter's actions deprived him of a right secured by the Constitution or laws of the United States.

II

Good cause appearing, the complaint is DISMISSED WITH LEAVE TO FILE AN AMENDED COMPLAINT within thirty days of the date of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within thirty days of this order will

3

1  result in the dismissal of this action.
2          Plaintiff is advised that the first amended complaint will
3  supersede the original complaint and all other pleadings.  Claims
4  and defendants not included in the first amended complaint will not
5  be considered by the court.  See <u>King v Atiyeh</u>, 814 F2d 565, 567
6  (9th Cir 1987).

9          IT IS SO ORDERED.

                                    _____
                                    **VAUGHN R WALKER**
                                    **United States District Chief Judge**

26  G:\PRO-SE\VRW\CR.09\Hollins-09-2028-dwlta.wpd